IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JS HALBERSTAM IRREVOCABLE GRANTOR TRUST, Derivatively and on behalf of Portland General Electric Company,<br><br>   Plaintiff,<br><br>   v.<br><br>JACK E. DAVIS; JOHN W. BALLANTINE; RODNEY L. BROWN, JR.; KIRBY A. DYESS; MARK B. GANZ; MARIE OH HUBER; KATHRYN J. JACKSON, PH.D.; MICHAEL A. LEWIS; MICHAEL H. MILLEGAN; NEIL J. NELSON, M. LEE PELTON, PH.D; MARIA M. POPE; CHARLES W. SHIVERY; JAMES P. TORGERSON; and JAMES LOBDELL,<br><br>   Defendants,<br><br>and<br><br>PORTLAND GENERAL ELECTRIC COMPANY,<br><br>   Nominal Defendant. | Case No. 3:21-cv-413-SI<br><br>ORDER AND FINAL JUDGMENT |

**Michael H. Simon, District Judge.**

  The Stipulation and Agreement of Settlement, dated February 11, 2022 (the Stipulation) (ECF 32-1) and all exhibits thereto in the above-captioned action (the Action) and the settlement

PAGE 1 – ORDER AND FINAL JUDGMENT

contemplated thereby (the Settlement) having been presented at the Settlement Hearing on May 9, 2022, pursuant to the Order Preliminarily Approving Proposed Settlement, entered herein on March 28, 2022 (the Preliminary Approval Order) (ECF 33), which Stipulation was entered into between Defendants Maria M. Pope, James F. Lobdell, Jack E. Davis, John W. Ballantine, Rodney L. Brown, Kirby A. Dyess, Mark B. Ganz, Marie Oh Huber, Kathryn J. Jackson, Michael A. Lewis, Michael H. Millegan, Neil J. Nelson, M. Lee Pelton, Charles W. Shivery, and James P. Torgerson (the Individual Defendants) and Nominal Defendant Portland General Electric Company (PGE or the Company), and Plaintiffs JS Halberstam Irrevocable Grantor Trust, Michael Shimberg, Melisa Ashabraner, and Jason Berning[1] (collectively, Plaintiffs, and together with PGE and the Individual Defendants, the Parties) all by and through their undersigned attorneys; and the U.S. District Court for the District of Oregon (the Court), having determined that notice of said hearing was given in accordance with the Preliminary Approval Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice, and the entire matter of the Settlement having been considered by the Court;

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

---

[1] The Settlement fully resolves all derivative claims against all Defendants in this action, *JS Halberstam Irrevocable Grantor Trust v. Davis*, Case No. 3:21-cv-00413-SI (D. Or.) (the *Halberstam* Action), as well as in *Shimberg v. Pope, et al.*, Case No. 21CV02957 (Multnomah Co. Cir. Ct.) (filed January 26, 2021) (the *Shimberg* Action); *Ashabraner v. Pope et al.*, Case No. 21CV13698 (Multnomah Co. Cir. Ct.) (filed April 7, 2021) (the *Ashabraner* Action); and *Berning, et al. vs. Pope, et al.*, Case No. 3:21-cv-00783-SI (D. Or.) (filed May 21, 2021) (the *Berning* Action). The Court refers to the *Halberstam* Action, the *Shimberg* Action, the *Ashabraner* Action, and the *Berning* Action collectively as the Actions.

PAGE 2 – ORDER AND FINAL JUDGMENT

1.  This Order and Final Judgment (Judgment) incorporates herein and makes a part hereof, the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.  The record shows that notice has been given to Current PGE Stockholders in the manner approved by the Court in its Preliminary Approval Order and a full opportunity to be heard has been afforded to all parties to the Actions,[2] Current PGE Shareholders, and persons in interest. The Court finds that the notice provided: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Current PGE Shareholders of the pendency of the Action, the terms of the Settlement, and Current PGE Shareholders' right to object to and to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meets the requirements of due process.

4.  The Court finds that the Settlement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, law and risks inherent in litigating the Action, with the active involvement of the Parties, and with assistance from a well-qualified mediator. There is no substantial evidence of collusion or of any other conflict of interest. No objections to the Settlement have been made, either in writing or orally.

5.  The Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, as set forth in the Stipulation in all respects,

---

[2] See n.1, *supra*.

and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of PGE and PGE's shareholders. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6. The Action, all claims contained therein, and Settled Claims (defined below) are hereby ordered as compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment, without costs to the Parties, except as otherwise provided in the Stipulation and this Judgment; and any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs, PGE, or any PGE shareholder derivatively on behalf of PGE (collectively, the Releasing Plaintiffs Persons) against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, shareholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns (the Released Defendants Persons) which the Releasing Plaintiffs Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection

with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to (i) the allegations in the Actions or (ii) to the purchase, sale, holding, or acquisition of PGE's stock during the period February 13, 2020 through August 24, 2020 (the Settled Plaintiffs Claims), and any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of the Defendants, PGE, or any PGE shareholder (collectively, the Releasing Defendants Persons, and together with the Releasing Plaintiffs Persons, the Releasing Persons) against Plaintiffs or any of their families, parent entities, controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, directors, shareholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns (the Released Plaintiffs Persons) which the Releasing Defendants Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the commencement, litigation, prosecution, or settlement of the Actions (the Settled Defendants Claims, together with the Settled Plaintiffs Claims, the Settled Claims) are hereby barred, provided that the Settled Claims

PAGE 5 – ORDER AND FINAL JUDGMENT

shall not include claims (i) relating to the enforcement of the Settlement; (ii) between any Releasing Defendants Person and its, his or her respective insurance carriers, including claims for indemnification; or (iii) relating to Plaintiffs' claims, if any, to their pro rata portion of the settlement in *In re Portland General Electric Company Securities Litigation*, Case No. 3:20-cv-1583-SI (D. Or.) (the Securities Class Action).

7. The release contemplated by this Order extends to claims that the Releasing Persons do not know or suspect exists in his, her or its favor at the time of the release of the Settled Claims, including without limitation those which, if known, might have affected the decision to enter into the Settlement. The Releasing Persons acknowledge, or by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Settled Claims, but that it is the intention of the Releasing Persons to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Releasing Persons acknowledge, or by operation of law shall be deemed to have acknowledged, that Unknown Claims are expressly included in the definition of Settled Plaintiffs Claims and Settled Defendants Claims, and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Released Plaintiffs Persons and Released Defendants Persons in entering into this Stipulation. The Releasing Persons shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the release set forth above.

PAGE 6 – ORDER AND FINAL JUDGMENT

This shall include a waiver by the Releasing Persons of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the Releasing Plaintiffs Persons shall be deemed by operation of the entry of this Judgment approving the Settlement to have acknowledged, and Defendants acknowledge, and the Releasing Defendants Persons shall be deemed by operation of the entry of this Judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants and Plaintiffs in entering into the Settlement.

8. The Court finds Plaintiffs' Fee and Expense Amount to be fair, reasonable and adequate and it is hereby approved.

9. Neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party to the Stipulation shall be deemed an admission or received as evidence in this or any other action or proceeding. Any Released Persons or his, her or its counsel may file the Stipulation and/or this Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants and each PGE shareholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs, Defendants, and each PGE stockholder are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

11. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation.

12. This Judgment is a final, appealable judgment.

**IT IS SO ORDERED.**

DATED this 9th day of May, 2022.

Michael H. Simon
United States District Judge

PAGE 8 – ORDER AND FINAL JUDGMENT